IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>LEON TORSTEN BEERS,<br><br>            Defendant. | 2:08-cr-0048-GEB<br><br><u>RULING ON DEFENDANT'S<br>RESTITUTION OBJECTION<br>AND IMPOSITION OF A FINE</u> |

Defendant Beers objects to the $73,261.53 criminal restitution recommended in his Presentence Report. He argues because of the applicable five year statute of limitations period, restitution should not exceed $37,482.25. The government counters:

> Because Beers' continuing scheme to steal money from the government can be properly considered a "continuing offense" under applicable law, any restitution order is not limited to loss occurring within the five-year statute of limitations period. Rather the order can, and should, extend to encompass the entirety of Beers' longstanding, continuous conduct.

Government's Sentencing Submission as to Defendant Leon Torsten Beers, Docket 38 at 3:11-16.

The government has not shown, however, that the continuing offenses doctrine applies to the text of the statute at issue, or to the facts in the count of conviction. See <u>Toussie v. United States</u>, 397 U.S. 112, 115 (1970) ("the doctrine of continuing offenses should be applied in only limited circumstances [where] the explicit language

of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."). Therefore, Beers' objection is sustained, and the criminal restitution he shall pay is $37,482.25.

Since the Probation officer's recommended criminal restitution has been cut nearly in half, Beers' financial condition is evaluated for the purpose of determining whether he has the ability to pay a fine. The Probation Officer found Beers has "a substantial net worth," but concluded "it did not appear [he] has the ability to pay a fine in addition to [$73,261.53 in] restitution."

The financial condition portion of Beers' Presentence Report reveals Beers has an income deficit of $406 per month, which could be eliminated if he reduces his $500 monthly transportation expense. Beers is retired, and the record is silent on why his monthly transportation expense is so high. Following this reduction, Beers has ample money to pay a fine since this portion of Beers' Presentence Report also shows Beers presently has sufficient cash to pay a fine. Since Beers has the ability to pay a fine, and all other applicable factors favor imposition of a fine, Beers shall pay a $10,000 fine to the United States, payment to begin immediately.

Dated:   August 27, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge